UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| RONALD GRIFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 04-559-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the court for consideration of cross-motions for summary judgment filed by Plaintiff Ronald Griffey ("Griffey" or "the Claimant") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("the Commissioner"). [Record Nos. 5 and 6] Through this action, the Claimant seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was no longer disabled for purposes of receiving Social Security benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the motion filed by Griffey.

I.    **LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that

he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual functional capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the

---

[1] Pursuant to 68 Fed. Reg. 511161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. §§ 404.1520(e) and (f) are now 20 C.F.R. §§ 404.1520(f) and (g), respectively.

correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.

## II.     PROCEDURAL HISTORY

Griffey filed an application for disability benefits on January 17, 1989, and was found disabled as of September 20, 1986. However, in June 1999, a continuing disability review was performed and it was determined that Griffey's disability had ceased. The cessation decision was upheld through the administrative review process. The Claimant appealed the administrative decision to this Court but the decision of the ALJ was affirmed on December 16, 2002.

Griffey filed the current application for disability insurance benefits on February 15, 2001. This application was denied initially and upon reconsideration. An administrative hearing on this claim was held before ALJ Donald Rising in Middlesboro, Kentucky, on November 4, 2003. The ALJ heard testimony from Griffey and Katharine Bradford, a vocational expert. On December 16, 2003, ALJ Rising issued a decision holding that the Claimant was not entitled to benefits. [*See* Administrative Transcript ("Tr."), pp. 17-26.]

At the time of the administrative hearing, Griffey was fifty years old. He has a high school education and no vocationally relevant past work experience. He alleges that he is

disabled as a result of back pain, breathing problems, depression and "nerves," sleeping problems, and a mood disorder.

After considering the medical evidence presented, the claimant's testimony and the testimony of the vocational expert, ALJ Rising found that Griffey's residual functional capacity was "consistent with the residual functional capacity established by Judge Evans in the prior, final cessation decision." [Tr., p. 24] Specifically, the ALJ determined that "the claimant can do medium exertion with no dealing with the public on more than an occasional basis; and working in a low stress environment that is task oriented." [Tr., p. 24] . Based on this fact, the ALJ determined that Griffey retained the residual functional capacity to perform a significant number of jobs existing in the national economy.

### III.    ANALYSIS

Initially, the Court notes that a claimant has the burden of proving that he is entitled to disability benefits. *See Born v. Secretary of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). In order to satisfy this burden, the claimant must provide competent evidence to authenticate a medical or psychological condition that prevents him from engaging substantial gainful work activity. *See Boyes v. Secretary of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994).

In this case, the claimant has failed to specifically set forth those claims upon which he basis his appeal. Instead, he simply alleges that the ALJ's decision is not supported by substantial evidence. In light of the Claimant's failure to provide a clear or detailed argument supporting his position, the Commissioner contends that his arguments, on appeal, should be

deemed waived. However, for the sake of completeness, the Court has reviewed the decision of the ALJ and finds that it is supported by substantial evidence.

### A. Substantial Evidence

As noted above, in an action for disability benefits, the plaintiff bears the burden of proving that he was disabled. *See* 42 U.S.C. §423(a)(1)(A); *Bogle v. Sullivan*, 998 F.2d 342 (6th Cir. 1993). To be eligible for such benefits, the plaintiff must be able to demonstrate that he became disabled prior to the expiration of his disability insured status. *Id.*; *see also Moon v. Sullivan*, 923 F.2d 1175 (6th Cir. 1990). Therefore, in order to be entitled to disability benefits, Griffey must show he became disabled on or before September 30, 2002. It is not enough to show that what was an impairment during this period later became disabling. *King v. Secretary of HHS*, 896 F.2d 204 (6th Cir. 1990).

The ALJ initially determined that Griffey became unable to perform his past relevant work. This finding shifted the burden of proof to the Commissioner to show that there were a significant number of other jobs that Griffey could perform. *See Foster*, 279 F.3d at 354; *Moon*, 923 F.2d at 1181. The ALJ properly heard testimony from the VE on this question. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996). The VE testified that while Griffey's ability to perform his prior work was impeded by his nonexertional limits, there were a number of other jobs he could perform. The ALJ, therefore, determined that Griffey was not considered disabled under the applicable regulations during the period in question. 20 C.F.R. Part 404; *Harmon v. Apfel*, 168 F.3d 289 (6th Cir. 1999).

In making this determination, the ALJ reviewed and discussed the medical evidence of record. With respect to the Claimant's complaints of back pain, the ALJ noted that a September 2000 MRI show signs of degenerative disc disease and mild diffuse disc bulging at L4-5 and L5-S1. [Tr., p. 280-81] The ALJ further noted that the Claimant had another x-ray in October 2000 which showed only mild spondylosis at L4-5. Further, in December 2000, Griffey's medical records indicate that he had a good range of motion, normal straight leg raising and a normal neurological examination. At that time, Deborah Barton, a treating physician, noted that his x-rays showed "relatively mild degenerative disc disease." [Tr., p. 20] In February 2001, his straight leg raising was negative and his neurological examination was within normal limit. Finally, the ALJ noted that a non-examining medical consultative reviewed the Griffey's medical records and concluded that he had only mild degenerative changes in the lumbrosacral spine, a full range of motion and no neurological defect.

The ALJ acknowledged that Griffey had a history of back pain for which he sought ongoing pain management. However, he found that the claimant's testimony at the hearing was vague and ambiguous regarding his physical capabilities in light of the back pain. Specifically, the ALJ noted that:

> [the claimant] said his lower back hurts and that it is worse at times an better at times. He said he takes pain medication for his back, which helps some, and he is not sure whether it provokes side effect. He guesses he can stand or walk fifteen or twenty minutes, and the amount he can lift and carry depends. He likes to be alone, drives to the grocery store, and sometimes his friends will call or stop by. According to the claimant, the pain is sometimes so severe that he cannot get up and move around. Sometimes he is bothered by the way that others drive, or stand and block store aisles, etc. He said he takes nerve medication to alleviate his symptoms and attends VA counseling every six months.

[Tr., p. 20]  The ALJ also considered the medical findings of a non-treating physician who examined the Claimant in April 2001. [Tr., p. 20]  This physician noted that the claimant had only mild degenerative changes in the lumbrosacral spine, a full range of motion and no neurological defects.  He further opined that Griffey's alleged pain was not consistent with the medical evidence of record.

With respect to the Claimant's alleged mental impairments, the ALJ noted that the claimant was evaluated in June 2000 by Deidra Fisher-Taylor, a social worker.  She noted that Griffey was alert and oriented, appropriately groomed, and cooperative.  She also indicated that he had normal psychomotor interaction, normal speech and goal directed thought processes.  Based on these observations, Ms. Fisher-Taylor assigned the Claimant a Global Assessment of Functioning (GAF) score of 80.  The ALJ pointed out that this score indicates only transient symptoms which are expected reactions to psychosocial stressors leading to no more than slight impairment in social, occupational or school functioning.

The ALJ further considered the findings of Dr. William Rigby who evaluated Griffey in April 2001.  Dr. Rig by diagnosed the Claimant with anxiety disorder and concluded that his anxiety symptoms were functionally related to his personal circumstances.  Dr. Rigby found that Griffy had a good ability to understand and follow instructions, sustain attention, and relate to others.  Additionally, he opined that Griffey had a fair ability to tolerate the stress and pressures of work activity.

In light of all this evidence, the ALJ determined that Griffey had degenerative disc disease, anxiety, and depression.  Notwithstanding this finding, he concluded that these

impairments were not severe enough to meet or medically equal one of the listed impairments that he retained the residual functional capacity to perform a significant number of jobs existing in the national economy.

### IV. CONCLUSION

Having examined the administrative record and the briefs submitted by the parties, the Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

1. The Claimant's Motion for Summary Judgment [Record No. 5] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 6] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 13th day of December, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge